STUART R. FRAENKEL (SBN 173991)
NICOLE C. ANDERSEN (SBN 281218)
GABRIEL BEUGELMANS (SBN 315377)
**NELSON & FRAENKEL LLP**
601 South Figueroa St. Ste. 2050
Los Angeles, CA 90017
Tel.: (844) 622-6469 /Fax: (213) 622-6019
Email: stuart@nflawfirm.com
Email: nandersen@nflawfirm.com
Email: gbeugelmans@nflawfirm.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIAN MORADZADEH, an individual, | Case No. |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY DAMAGES** |
| v. | |
| AIR CANADA, a corporation, and DOES 1-10, inclusive. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |
| _____ | |

Plaintiff, RIAN MORADZADEH ("MORADZADEH"), individually, by her attorneys, for her complaint against AIR CANADA, a corporation, ("AIR CANADA") and DOES 1-10, inclusive (collectively "Defendants"), for damages for personal injury, respectfully alleges as follows:

## SUBJECT MATTER JURISDICTION

1. This Court has jurisdiction over the subject matter of this case pursuant to Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air (Montreal, May 28, 1999) (hereinafter the "Montreal Convention"). Specifically, under Article 33(1) and (2) of the Montreal Convention, Plaintiff MORADZADEH purchased her ticket for the subject flights in this District (and Defendant AIR CANADA does business in this District); the place of ultimate destination in the contract of carriage of Plaintiff MORADZADEH for this ticket was Los Angeles International Airport ("LAX"), located in this District; and the principal and permanent residence of Plaintiff MORADZADEH is in this District, to which Defendant AIR CANADA operates services for the carriage of passengers by air.

2. As the Montreal Convention is a treaty of the United States, this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331.

## PERSONAL JURISDICTION

3. This court has personal jurisdiction over Defendants, and each of them. Plaintiff MORADZADEH is informed and believes and thereon alleges that Defendants, and each of them, at the time of the incident, were doing substantial business in and had contacts with the State of California sufficient for this court to exercise jurisdiction.

## VENUE

4. Venue in the Central District of California, Los Angeles Division, is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events and/or omissions giving rise to the claims as alleged herein occurred in this District and/or Defendants are otherwise subject to personal jurisdiction in this District. Further, Venue is proper in accordance with the Montreal Convention treaty.

## PARTIES

5. Plaintiff MORADZADEH was and is a citizen of California and a permanent resident of California.

6. Defendant AIR CANADA was and is a common carrier based in Montreal, Canada and is engaged in the business of operating a commercial airline out of various airports throughout the world, including Los Angeles International Airport.

7. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiff.

8. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein each of the Defendants, including all Defendants sued under fictitious names, was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of this agency and employment.

## GENERAL ALLEGATIONS

9. On or about August 02, 2018, Defendant AIR CANADA operated the first leg of a flight, Flight AC 1917 (hereinafter, "Subject Flight"), from Lisbon Portela International Airport to Toronto Pearson International Airport, with the place of ultimate destination for the contract of carriage being Los Angeles International Airport.

10. On or about August 02, 2018, Plaintiff MORADZADEH was a fare paying passenger aboard the Subject Flight pursuant to a ticket for air travel.

11. Plaintiff MORADZADEH purchased the ticket for the Subject Flight from Defendant AIR CANADA.

12. At all material times, Defendant AIR CANADA entered into the contract of carriage with Plaintiff MORADZADEH and was in control of, and responsible for, her safe transport.

13. At all material times, Plaintiff MORADZADEH was seated in an aisle seat, during the Subject Flight.

14. During the Subject Flight, an "accident occurred:" one of AIR CANADA's flight attendants caused hot liquid to spill onto Plaintiff MORADZADEH (the "Accident").

15. Plaintiff MORADZADEH immediately experienced severe pain as a result of the Accident.

16. Plaintiff MORADZADEH endured the remainder of the flight in severe pain and discomfort.

17. After the subject flight landed in Los Angeles, Plaintiff MORADZADEH sought medical treatment.

18. As a direct and proximate result of the Accident, and actions and inactions of Defendants, and each of them, Plaintiff MORADZADEH suffered serious and permanent injuries. Plaintiff MORADZADEH suffered severe and excruciating pain, distressing mental anguish, emotional distress and general shock as a result of said injuries.

19. As a direct and proximate result of the Accident and resulting injuries, Plaintiff MORADZADEH was compelled to and did employ the services of physicians and other medical personnel; and was compelled to and did incur incidental expenses relative to the care and treatment of said injuries. Plaintiff MORADZADEH is informed and believes and thereon alleges that she will be compelled to seek further treatment in the future for care of said injuries and to incur further reasonable bills for the same.

20. As a further direct and proximate result of the Accident, and actions and inactions of Defendants, and each of them, Plaintiff MORADZADEH was unable to

work, lost wages, earnings and benefits, and is informed and believes and thereon alleges that she will lose future work, wages, earnings and benefits as a result of medical treatment and pain caused by her injuries.

## 1ST CAUSE OF ACTION

### (Montreal Convention)

**By Plaintiff MORADZADEH Against Defendants and Does 1 Through 10, Inclusive**

21. Plaintiff MORADZADEH refers to each and every paragraph above and incorporates those paragraphs as though set forth in full in this cause of action.

22. Pursuant to the terms of the Montreal Convention, Defendants, and each of them, are liable for the injuries and damages sustained by Plaintiff MORADZADEH as a passenger aboard the Subject Flight, as said damages occurred while Plaintiff was on board the Subject Flight.

23. Pursuant to Article 17, the carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the Accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

24. Pursuant to Article 21, for damages arising under paragraph 1 of Article 17 not exceeding 128,821 Special Drawing Rights for each passenger, the carrier shall not be able to exclude or limit its liability. The carrier shall not be liable for damages arising under paragraph 1 of Article 17 to the extent that they exceed for each passenger 128,821 Special Drawing Rights if the carrier proves that: (a) such damage was not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) such damage was solely due to the negligence or other wrongful act or omission of a third party.

25. Defendants, and each of them, were in exclusive control of the operations of the Subject Flight, including those related to the beverage service, and owed non-delegable duties to all passengers for its safe operation at all times.

26. Defendants, and each of them, failed to keep Plaintiff MORADZADEH safe throughout the flight and were directly responsible for the Accident and her resulting injuries and damages.

27. Defendants, and each of them, breached their duties when they were careless, negligent and reckless in, among other acts or omissions, the maintenance, operation, and control of the circumstances of Plaintiff's transportation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff MORADZADEH prays for judgment against Defendants, and each of them, as follows:

1. Damages to be awarded in an amount to be determined at trial, including general, special, and compensatory damages;
2. For medical and related expenses in an amount to be determined at trial;
3. For lost earnings, past and future, in an amount to be determined at trial;
4. For interest as allowed by law;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court deems just and proper.

Dated: April 10, 2020                                      NELSON & FRAENKEL LLP

_____
Stuart R. Fraenkel
Nicole C. Andersen
*Attorneys for Plaintiff*

### DEMAND FOR JURY TRIAL

Plaintiff MORADZADEH hereby demands a jury trial.

Dated: April 10, 2020                                      NELSON & FRAENKEL LLP

_____
Stuart R. Fraenkel
Nicole C. Andersen
*Attorneys for Plaintiff*